Geeen, J.
delivered the opinion of the court.
The indictment in this case charges the property in the watch, which was stolen, to have been in Caldwell. The proof is, that the watch belonged to Singleton, the parties having exchanged watches for a few weeks, or until Singleton should call for his own. The watch was stolen from Caldwell while he was thus in possession of it.
We think the property in the watch to be well laid in Caldwell. This is not the case of a bare charge, where the possession still remains in the owner. It is a stronger case than where a friend is intrusted with property to keep for the owner’s use, (2 Rus. on Cr. 108,) or the coachman’s possession of a box which had been put in the coach. 2 Rus. on Cr. 159. In each of which cases it-was held, there was a special property in the party, and that it was not a bare charge. Here, Caldwell had exchanged his own watch for the one he had in possession, which he had a right to hold as a pledge for the return of his own.
*550 2. There is‘no proof in the record that the offence was . * committed in the town of Nashville, so as to give the court jurisdiction. But the Attorney General insists that it does not appear that all the evidence is set out in this record, and therefore we are to presume there was sufficient evidence to warrant the conviction. We think the record shows the whole case. It is not like the case of Everett vs. The State, (at Knoxville,) In that case the record did not purport to set out all the facts. It did not give the evidence of the witnesses in detail, and in the order of their examination; on the contrary it was manifest that it was not intended to set out the whole of the evidence, but such facts only as applied to the poiut of law which was intended to be raised upon the charge of the court. This record manifestly purports to set out the whole case. The witnesses were introduced in regular order, and the testimony of each is minutely set out, after which are the following words: “Here the evidence closed.”
Had these words been omitted, we should have been strongly inclined to think that the record ought to have been regarded as containing the whole case. But we cannot doubt that they were intended to be used as equivalent to a declaration that what had been written included all the proof.
It would be doing violence to the obvious sense of the expression, to suppose that there was other testimony than that which was set out in the bill of exceptions, and that the writer only meant that the deposition last written was the evidence of the witness last examined in court.
This sense of the expression renders it impossible to perceive any sensible reason why they were used at all. They eould answer no end but to mislead.
Reverse the judgment and remand the prisoner.
Judgment reversed.